UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION AT PIKEVILLE

MIKHAEL CHARLES DORISE,

    Petitioner,

v.

D. BERKEBILE,

    Respondent.

Civil Action No. 11-42-KKC

**MEMORANDUM OPINION
AND ORDER**

\*\*\*\* \*\*\*\* \*\*\*\* \*\*\*\*

Mikhael Charles Dorise is an inmate incarcerated at the United States Penitentiary - Big Sandy in Inez. Dorise has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 [R. 2] and has paid the filing fee. [R. 5] Having reviewed the petition[1], the Court will deny relief because Dorise's claims are not cognizable in a petition for a writ of habeas corpus pursuant to Section 2241 and are substantively meritless.

I.

Following a four-day trial during which Dorise represented himself, on May 28, 2004, a jury found Dorise guilty of armed bank robbery in violation of 18 U.S.C. § 2113(a) and (d); the use, carrying, or brandishment of a firearm during the commission of a violent felony in violation of 18 U.S.C. § 924(c); and of being a convicted felon in possession of a firearm in violation of 18 U.S.C.

---

[1] The Court conducts a preliminary review of habeas corpus petitions. 28 U.S.C. § 2243; *Harper v. Thoms*, No. 02-5520, 2002 WL 31388736, at *1 (6th Cir. Oct. 22, 2002). Because the petitioner is not represented by an attorney, the petition is reviewed under a more lenient standard. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Burton v. Jones*, 321 F.3d 569, 573 (6th Cir. 2003). At this stage the Court accepts the petitioner's factual allegations as true and his legal claims are liberally construed in his favor. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007). Once that review is complete, the Court may deny the petition if it concludes that it fails to establish grounds for relief, or otherwise it may make such disposition as law and justice require. *Hilton v. Braunskill*, 481 U.S. 770, 775 (1987).

§ 922(g)(1). On October 26, 2004, the trial court sentenced Dorise to a cumulative 411-month term of incarceration.[2] Over Dorise's objection, the court concluded that Dorise had previously committed two prior "crimes of violence" subjecting him to the career offender enhancement found in U.S.S.G. § 4B1.1 over Dorise's objections. On January 17, 2006, the Fifth Circuit affirmed Dorise's conviction and sentence. On June 29, 2009, the trial court denied Dorise's motion to vacate his sentence under Section 2255, rejecting arguments nearly identical to those presented here regarding the propriety of applying a career offender enhancement. *United States v. Dorise*, No. 3: 02-CR-10-1 (S.D. Tex. 2002).

In his petition, Dorise reiterates the same arguments considered and rejected by the Fifth Circuit in denying his request to file a second or successive Section 2255, in an order entered only two weeks before he filed the present petition. *In re: Mikhael Dorise*, No. 11-40099 (5th Cir. 2011) (slip op. of Mar. 14, 2011). Dorise contends that his 1992 conviction for a robbery in Galveston, Texas does not qualify as a prior "crime of violence" for purposes of a sentencing enhancement under U.S.S.G. § 4B1.1 in light of the Supreme Court's recent decisions in *Johnson v. United States*, 130 S.Ct. 1265 (2010) and *Begay v. United States*, 553 U.S. 137 (2008).[3]

---

[2] During the sentencing hearing, the trial court noted that the robbery evidenced a high degree of premeditation and planning by Dorise. During the robbery itself and his subsequent flight from the scene, Dorise exhibited extremely threatening and violent behavior. While representing himself in pretrial proceedings, Dorise "filed literally dozens of motions requiring numerous hearings by the magistrate judge and causing the taxpayers of this country an inordinate amount for no other reason than to gratify his bizarre interpretations of what the law should be according to his own strained and often ridiculous interpretation," and berated witnesses during the trial. In sum, the trial judge described Dorise as a "defendant [who] has demonstrated a lifetime of violent, completely narcissistic behavior. He has no ability whatsoever to empathize with others and has demonstrated possibly an antisocial and sociopathic behavior as this court has ever had the misfortune to witness in its 14-year tenure." *United States v. Dorise*, No. 3: 02-CR-10-1 (S.D. Tex. 2002). [R. 261]

[3] Dorise's sentence was enhanced under U.S.S.G. § 4B1.1 because he had committed two prior "crimes of violence." The definition of that term in U.S.S.C. § 4B1.2(a) is identical to the term "violent felony" in the ACCA, 18 U.S.C. § 924(e)(2)(B), the provision at issue in *Begay* and *Johnson*.

## II.

The Armed Career Criminal Act ("ACCA") provides for enhanced punishments for those convicted of certain federal crimes with three or more prior "violent felony" convictions. A prior state or federal crime qualifies as a "violent felony" if it is "punishable by a term of imprisonment exceeding one year" that:

> (I) has as an element the use, attempted use, or threatened use of physical force against the person of another; or
>
> (ii) is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another.

18 U.S.C. § 924(e). Clause (I) is known as the "force" clause; the last part of clause (ii) - after the enumerated offenses - is known as the "residual clause." *United States v. Davis*, 487 F.3d 282, 285 (5th Cir. 2007).

In *Johnson v. United States*, 130 S.Ct. 1265 (2010), the Supreme Court analyzed the "force" clause, and determined that a conviction for "simple battery" under Florida law, which may include the slightest unwanted touching, did not necessarily involve the use of "physical force," which means "*violent* force-that is, force capable of causing physical pain or injury to another person." Accordingly, it could not qualify as a prior "violent felony" under Section 924(e)(2)(B)(I). *Johnson*, 130 S.Ct. at 1271.

In *Begay v. United States*, 553 U.S. 137 (2008), the Supreme Court analyzed the "residual clause" of Section 924(e)(2)(B)(ii). The Court left undisturbed precedent directing an inquiry into whether the prior felony involved "a serious potential risk of physical injury to another," but further required the prior offense to be "roughly similar, in kind as well as in degree of risk posed, to the examples" set forth in that subsection. Because those offenses - "burglary, arson, or extortion,

3

involves use of explosives" - all involve purposeful, violent or aggressive conduct, the conviction at issue for "driving under the influence" under Arizona law was held to not qualify as a prior violent felony. *Begay*, 553 U.S. at 143, 148.

However, Dorise's challenge to the enhancement of his sentence may not be pursued in this habeas proceeding under Section 2241. Such claims must be pursued by filing a post-conviction motion under 28 U.S.C. § 2255 with the trial court. *Capaldi v. Pontesso*, 135 F.3d 1122, 1123 (6th Cir. 2003). A federal prisoner may file a habeas corpus petition under Section 2241 only to challenge a decision by prison officials that affects the manner in which his sentence is being carried out, such as the computation of sentence credits or parole eligibility. *United States v. Jalili*, 925 F.2d 889, 894 (6th Cir. 1999).

The narrow "safety valve" provision found in Section 2255(e) permits a prisoner to challenge the legality of his conviction through a Section 2241 petition only where the remedy under Section 2255 "is inadequate or ineffective" to test the legality of his detention. The Sixth Circuit permits a prisoner to take advantage of this provision only where, after his or her conviction has become final, and the Supreme Court re-interprets the terms of the statute petitioner was convicted of violating in such a way that petitioner's actions did not violate the statute. *Martin v. Perez*, 319 F.3d 799, 804 (6th Cir. 2003) ("A prisoner who can show that an intervening change in the law establishes his actual innocence can invoke the savings clause of § 2255 and proceed under § 2241.").

Dorise's challenge to his sentence, as opposed to his conviction, does not fall within the reach of the savings clause. *United States v. Peterman*, 249 F.3d 458, 462 (6th Cir. 2001) (vacating habeas relief where petitioners "do not argue innocence but instead challenge their sentences. Courts have

4

generally declined to collaterally review sentences that fall within the statutory maximum."); *United States v. Poole*, 531 F .3d 263, 267 n.7 (4th Cir. 2008) (federal courts "ha[ve] . . . not extended the reach of the savings clause to those petitioners challenging only their sentence."); *Wyatt v. United States*, 574 F.3d 455, 460 (7th Cir. 2009); *Talbott v. Holencik*, No. 08-619, 2009 WL 322107, at *6-7 (C.D. Cal. Feb. 5, 2009) ("Under the savings clause, however, Petitioner must demonstrate that he is factually innocent of the crime for which he has been convicted, not the sentence imposed."). This Court has applied this rule to challenges to sentencing enhancements, an approach approved by the Sixth Circuit. *Cf. Johnson v. Cauley*, No. 09-52-HRW (E.D.Ky. 2009), *aff'd*, No. 09-5991 (6th Cir. July 9, 2010) (claim that sentencing court improperly enhanced conviction based upon prior state conviction is not cognizable under Section 2241).

Dorise cites to a recent decision by the Eleventh Circuit which held that a prisoner may challenge the use of a prior conviction to enhance his sentence as a career offender through a habeas corpus petition under Section 2241. In *Gilbert v. United States*, 609 F.3d 1159 (11th Cir. 2010), the Eleventh Circuit found that "[f]or federal sentencing purposes, the act of being a career offender is essentially a separate offense, with separate elements (two felony convictions; for violent felonies), which must be proved, for which separate and additional punishment is provided", *id*. at 1165, and concluded that a petitioner may utilize Section 2241 to assert that "he is innocent of the statutory 'offence' of being a career offender." *Id*. at 1166.

The *Gilbert* decision does not assist Dorise, because the Eleventh Circuit has granted the government's petition for rehearing by the Eleventh Circuit sitting *en banc*, and the original panel opinion has been vacated. *Gilbert v. United States*, 625 F.3d 716 (11th Cir. 2010). Accordingly, the *Gilbert* decision cited by Dorise is not binding upon courts sitting in the Eleventh Circuit, and has

5

no precedential value. *Rodriguez v. Wells*, No. CV310-095, 2010 WL 5558907, at *1 (S.D. Ga. Dec. 7, 2010) (panel opinion in *Gilbert* is without precedential value, and does not authorize challenge to sentencing enhancement under Section 2241).

Even if this were not so, the Court would reject the holding of *Gilbert* as contrary to binding Sixth Circuit precedent, and its rationale as infirm. Many factors other than "career offender" status - such as prior criminal history, victim impact, obstruction of justice, and refusal to accept responsibility - may increase a criminal defendant's sentence, but the mere lengthening of a prison term does not transform each such factor into an independent "offense" subject to collateral review in habeas under traditionally-defined circumstances. *Cf. United States v. Kenney*, No. 01-4318, 2010 WL 3279172, at *2 n.2 (3d Cir. Aug. 20, 2010) (*Gilbert*'s conclusion that a sentencing enhancement for being a career offender, which need only be established to the trial judge by a preponderance of the evidence, constitutes "essentially a separate offense" is contrary to rule that each separate offense must be proved to a jury beyond a reasonable doubt, as is the case with enhancements from non-capital to capital sentences); *Darden v. Stephens*, No. 5:09-HC-2152-FL, 2010 WL 3732174, at *2 (E.D.N.C. Sept. 20, 2010) (declining to apply *Gilbert* as contrary to controlling Fourth Circuit authority in *Poole* and for the grounds set forth in *Kenney*). Accordingly, Dorise's claims may not be pursued in this habeas proceeding pursuant to 28 U.S.C. § 2241.

Even were the Court to reach the merits of Dorise's claim, neither *Johnson* nor *Begay* afford any basis for relief. Dorise's conduct on December 1, 1991, constituted second-degree robbery under Texas Penal Code § 29.02. [R. 2-2 at 13 Exh. D] That section provides:

> (a) A person commits an offense if, in the course of committing theft as defined in Chapter 31 and with intent to obtain or maintain control of the property, he:

6

> (1) intentionally, knowingly, or recklessly causes bodily injury to another; or
>
> (2) intentionally or knowingly threatens or places another in fear of imminent bodily injury or death.
>
> (b) An offense under this section is a felony of the second degree.

V.T.C.A. Penal Code § 29.02. Second degree robbery under Texas law therefore involves either bodily injury under subsection (a)(1) or the threatened use of physical harm under subsection (a)(2) as an element of the offense. It therefore qualifies as a "crime of violence" under U.S.S.G. § 4B1.2(a)(1) because it "has as an element the use, attempted use, or threatened use of physical force against the person of another." Indeed, the latest revision of the Official Commentary - in force after *Johnson* was decided - states that the term "[c]rime of violence" includes murder, manslaughter, kidnaping, aggravated assault, forcible sex offenses, ***robbery***, ..." U.S.S.G. § 4B1.2 (November 1, 2010) (application note 1) (emphasis added). Further, as a second degree felony under Texas law, the offense is punishable "for any term of not more than 20 years or less than 2 years." V.T.C.A. Penal Code § 12.33(a). It therefore satisfies Section 4B1.2(a)'s requirement that a "crime of violence" be "any offense under federal or state law, punishable by imprisonment for a term exceeding one year, ..." Second degree robbery under Texas law therefore qualifies as a "crime of violence" under the "force" clause.

Further, second degree robbery as defined under Texas law involves "purposeful, violent or aggressive conduct" and is roughly similar in kind to burglary, one of the enumerated offenses under U.S.S.G. § 4B1.2(a)(2). In addition, the Fifth Circuit has held that a conviction under Section 29.02 is one for conduct that presents "a serious potential risk of physical injury to another," thus qualifying as a "violent felony" for purposes of the identical language found in 18 U.S.C.

§ 924(e)(2)(B)(ii). *United States v. Davis*, 487 F.3d 282, 287 (5th Cir. 2007). Dorise's 1991 robbery conviction thus qualifies as a "crime of violence" under the "residual clause" utilizing the *Begay* analysis. Dorise's claim is therefore substantively without merit.

Accordingly, **IT IS ORDERED** that:

1. Dorise's petition for a writ of habeas corpus [R. 2] is **DENIED.**

2. The Court will enter an appropriate judgment.

This the 29th day of April, 2011.

Signed By:
*Karen K. Caldwell* KKC
**United States District Judge**